UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA CIRCUIT

ROBERT O. WHITE, SR.                :
5509 Pioneer Drive                  :
Baltimore, MD 21214,                :
                                    :
      Plaintiff,              :    Case Number:
                                    :
  v.                              :
                                    :
                                    :
ROBERT C. TAPELLA                   :
Public Printer of the United States :
U.S. GOVERNMENT PRINTING OFFICE :
732 North Capitol Street, NW        :
Washington, D.C. 20401              :
                                    :
      Defendant.              :
                                    :
Serve                               :
                                    :
ROBERT C. TAPELLA                   :
U.S. GOVERNMENT PRINTING OFFICE :
732 North Capitol Street, NW        :
Washington, D.C. 20401              :
                                    :
UNITED STATES ATTORNEY              :
555 4th Street, NW                  :
Washington, D.C. 20001              :
                                    :
U.S. ATTORNEY GENERAL               :
Department of Justice               :
950 Pennsylvania Avenue, NW         :
Washington, D.C. 20530              :

**COMPLAINT FOR RACIAL DISCRIMINATION**
**IN EMPLOYMENT AND REVIEW OF AGENCY DECISION**

1. Comes now Plaintiff ROBERT O. WHITE, SR. through his attorneys with HANNON LAW GROUP, LLP and for his Complaint against Defendant, ROBERT C. TAPELLA, PUBLIC PRINTER, UNITED STATES GOVERNMENT PRINTING OFFICE ("GPO" or "Agency"), states as follows:

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1346, because it is an action against an agency of the United States, and 28 U.S.C. §1331, because it arises under the laws of the United States, principally, 42 U.S.C. §§2000e *et seq.*

3. The jurisdiction of this Court is also found in 5 U.S.C. §§ 7702(a)(1) and 7703(b)(2). The Court in Turner v. Dep't. of the Interior notes that under 5 U.S.C. §7703(b)(2), review of a final MSPB order arises through a civil action filed under 42 U.S.C. §2000e-16(c). Turner v. Dep't. of the Interior, et al., 2006 U.S. Dist. LEXIS 88107 (D.D.C. 2006).

## VENUE

4. Venue is proper in the United States District Court for the District of the District of Columbia, pursuant to 28 U.S.C. § 1402(b), because all of the events giving rise to the claim occurred in the District of Columbia.

## PARTIES

5. Plaintiff ROBERT O. WHITE, SR. is a resident of Baltimore, Maryland. At all times relevant to this Complaint, ROBERT O. WHITE served as an Officer within the Uniformed Police Branch ("UPB") of the GPO in Washington, D.C.

6. Defendant ROBERT TAPELLA is being sued in his official capacity as the Acting Public Printer serves as the Public Printer for the GPO. The GPO is a federal governmental agency and an employer, as defined by 42 U.S.C. §§ 2000e(b), 2000e-16 with over 500 employees. The GPO's main office is located at 732 North Capitol Street, NW, Washington, DC 20401.

## NATURE OF THE CASE

7. This is an action to appeal the decision of the Merit Systems Protection Board ("MSPB" or "Board") affirming the GPO's decision to demote and suspend Plaintiff ROBERT O. WHITE, SR., a Plaintiff in the Uniformed Police Branch of the GPO.

8. Plaintiff ROBERT O. WHITE, SR., is a law enforcement officer with the GPO, who has over seven years of Agency service and a distinguished performance record. The Agency demoted Plaintiff ROBERT O. WHITE, SR. and suspended him for 14 days based upon allegations of a "Failure to Perform the Duties of Your Position in a Satisfactory Manner—Failure to Follow Post Orders." Plaintiff ROBERT O. WHITE, SR. appealed this decision to the MSPB, Docket No. DC-0752-07-0729-I-1, claiming the Agency engaged in harmful error, discriminated against him based on his race (African American), and retaliated against him because of his active role in the UPB Union, the Fraternal Order of Police/Government Printing Office ("FPO/GPO" or "Union").

9. During the MSPB proceedings, the parties agreed to engage in discovery; however, the Agency willfully reneged on that promise, specifically with regard to Cpl. ROBERT O. WHITE'S affirmative defense of racial discrimination.

10. Counsel for Cpl. ROBERT O. WHITE, SR., submitted an emergency Motion to Compel Discovery. The Judge refused to address that Motion, by concluding that the discovery period had passed.

11. A Hearing was held before the Honorable Judge Elizabeth Bogle ("ALJ") on August 20, 2007, and she issued her Initial Decision on September 7, 2007.

12. As the ALJ acknowledged in her decision, the evidence was undisputed that there were no Post Orders in effect that were violated by Plaintiff ROBERT O. WHITE, SR.

That conclusion was supported by the testimony of the Agency's Deciding Official and Chief of Police. Nevertheless, the ALJ sustained the Agency action.

13. Plaintiff ROBERT O. WHITE, SR. appealed The ALJ's decision to the entire Board. The decision was affirmed in part and remanded in part. The full Board upheld a portion of the ALJ's decision, concluding that the Agency proved the charges against Plaintiff ROBERT O. WHITE, SR., and that there was no harmful error or retaliation for his active Union membership.

14. However, the full Board remanded that portion of the decision regarding Plaintiff ROBERT O. WHITE, SR.'s affirmative defense of racial discrimination and the severity of the punishment. The full Board found Plaintiff ROBERT O. WHITE, SR. was entitled to fully pursue all affirmative defenses and the Agency's failure to provide discovery on the issue precluded that from happening.

15. That portion of the case related to Plaintiff ROBERT O. WHITE, SR.'s racial discrimination claim was remanded.[1] The Board held that the ALJ abused her discretion by denying Plaintiff ROBERT O. WHITE, SR.'s motion to compel discovery. On remand, the Agency objected to having to produce any documents, claiming the request was "unreasonable." No prior objection had been made by the Agency. The ALJ agreed with the Agency. Plaintiff ROBERT O. WHITE, SR. filed a Motion for Reconsideration that was denied. Ultimately, no additional discovery was ever produced by the Agency. The ALJ issued a subsequent Initial Decision dated April 25, 2008. This civil action follows.

---

[1] Plaintiff ROBERT O. WHITE, SR. has maintained (and the limited discovery that did take place supported the same) that African American officers are punished more severely than their Caucasian counterparts for similar infractions.

4

16. Plaintiff ROBERT O. WHITE, SR. has exhausted his administrative remedies by pursuing his claims completely before the MSPB. The ALJ issued her second Initial Decision on April 28, 2008. That decision became final on May 30, 2008. Plaintiff ROBERT O. WHITE, SR. is filing this action as a result.

## FACTS COMMON TO ALL COUNTS

17. On Sunday, October 29, 2006, Plaintiff ROBERT O. WHITE, SR.[2] was working a second shift at the GPO, after being involuntarily drafted to work because of a staff shortage. Plaintiff ROBERT O. WHITE, SR. initially was detailed to the front desk of the main GPO building on North Capitol Street, N.W. Later, he was assigned to relieve officers at various posts throughout the facility, including relieving Officer Darnelle Everett at Post 41 (in Building IV of the Agency) for Officer Everett's lunch break. Building IV is directly across the street from the main GPO building.

18. While on his break, Officer Everett was met by two women. One was a former girlfriend, who had assaulted him on prior occasions, and against whom he had obtained restraining orders in Prince Georges County, Maryland. The other woman was a friend who worked nearby. As he was returning to Post 41 directly inside the front door of Building IV, Officer Everett was worried that his former girlfriend was becoming physically belligerent. Concerned for the safety of his friend, Officer Everett brought her inside the locked front door of Building IV, intending to protect her from further misconduct by the former girlfriend. The former girlfriend pushed her way in behind the two of them to the entrance gates at Post 41.

---

[2] At the time of the incident, Plaintiff ROBERT O. WHITE, SR. was temporarily promoted to the position of Acting Sergeant. He was not working in that capacity or in any supervisory capacity of any nature in the second shift he worked on October 29, 2006, the shift in which the actions took place giving rise to this proposed discipline.

19. Upon Officer Everett's return, Plaintiff ROBERT O. WHITE, SR. saw the two women whom he did not recognize. Plaintiff ROBERT O. WHITE, SR. assumed, correctly, that they were being escorted by Officer Everett. Plaintiff ROBERT O. WHITE, SR. complained that Officer Everett was late because the supervisor had been contacting Plaintiff ROBERT O. WHITE, SR. to relieve another officer for lunch. In response, Officer Everett said to Plaintiff ROBERT O. WHITE, SR., "I got it." Plaintiff ROBERT O. WHITE, SR. understood, and Officer Everett intended, that Officer Everett was relieving Plaintiff ROBERT O. WHITE, SR. from Post 41 to go onto his next duty station. Both officers testified before The ALJ that it was their joint understanding that Officer Everett had become responsible for Post 41, and Plaintiff ROBERT O. WHITE, SR. was relieved. Then Agency Chief of Police LaMont Vernon testified that there are no specific orders regarding how one officer relieves another. He stated affirmatively that the manner in which Officer Everett relieved Plaintiff ROBERT O. WHITE, SR. was entirely proper.[3]

20. In the ALJ's first Initial Decision, she acknowledges that there are no Post Orders addressing how to relieve a fellow officer. Chief Vernon confirmed this, and admitted that Plaintiff ROBERT O. WHITE, SR.'s actions were appropriate. Yet, in direct conflict to the testimony and other evidence, the ALJ sustained the Agency discipline.

---

[3] After Plaintiff ROBERT O. WHITE, SR. left Post 41, Officer Everett managed to control his former girlfriend and take her out the locked front door to the street. He left the other woman inside for her protection. On the street, the girlfriend became violent, and Officer Everett called for assistance. The white Supervisory Sergeant who was directly across the street told Corporal Everett to call 911 and did nothing to come to Officer Everett's aid. Hearing Officer Everett's distress call, Cpl. Richardson ran from the opposite side of the GPO compound to aid Officer Everett in subduing the women. The former girlfriend Officer Everett in the face, drawing blood. Officer Everett had his service weapon holstered at the time and had difficulty defending himself against the attack. The woman was arrested. The next day she returned to the GPO, intent on further harassing Officer Everett. She was arrested again, based on a Protective Order that Officer Everett had obtained from the Superior Court of the District of Columbia.

21. In the absence of any relevant Post Orders, The ALJ somehow found that Plaintiff ROBERT O. WHITE, SR. violated Post Orders. She concluded that Officer Everett was not "in control "of the Post when he told Plaintiff ROBERT O. WHITE, SR. "I got it." She further concluded that because Plaintiff ROBERT O. WHITE, SR. was an Acting Sergeant on some shifts, he should have recognized that Officer Everett was not "in control" and taken some further (undefined) action to screen the two women.

22. There was no evidence presented to the ALJ as to what it means to be "in control" on a Post. Nor are there any orders regarding the standard which the ALJ invented. There was also no evidence whatsoever that Plaintiff ROBERT O. WHITE, SR. – even as an Acting Sergeant – was obliged to ascertain whether another officer was "in control" of a Post.

23. Moreover, the actions of Agency counsel prior to the Initial Hearing and pre-hearing decisions by the ALJ denied Plaintiff ROBERT O. WHITE, SR. due process. Prior to the hearing, Agency counsel refused to comply with his promises to produce records of the Agency's discipline of other officers to allow Plaintiff ROBERT O. WHITE, SR. to support his claim.

24. Counsel for the Plaintiff began inspection of personnel records at the GPO. Upon discovering numerous pages to copy, Counsel for the Agency indicated his refusal to photocopy the material. Then, Counsel for the Agency refused to comply with any additional discovery requests on the issue of race discrimination, and waited until the day discovery was scheduled to close to announce his intention not to comply with his prior promises.

25. When Plaintiff ROBERT O. WHITE, SR. sought relief from The ALJ from this conduct, she refused either to sanction the Agency or even permit Plaintiff ROBERT O. WHITE, SR. to use alternate evidence demonstrating disparate treatment based on his race and union activity.

26. The claims alleged herein arise out of the insistence of management to discipline Plaintiff ROBERT O. WHITE, SR. for an offense that did not exist, the refusal of the Agency to impose equal punishments for similar offenses committed across racial lines, and the willful disregard for honoring the rules of discovery in the MSPB proceedings. These claims are evidence of the pattern and practice of responsible management officials to punish African American UPB officers more harshly than their Caucasian counterparts.

### COUNT ONE – Violation of 42 U.S.C. § 2000e

27. Plaintiff ROBERT O. WHITE, SR. repeats each and every allegation contained in all preceding paragraphs and incorporates the same herein.

28. Plaintiff ROBERT O. WHITE, SR. was subjected to racial discrimination in that he was disciplined severely for violating a policy that does not exist. This is completely consistent with the Agency's pattern and practice of subjecting African American officers to harsher punishment than their Caucasian counterparts.

29. Plaintiff ROBERT O. WHITE, SR. has suffered damages as a proximate and direct result of the discrimination, including, but not limited to loss of position, loss of reputation, and loss of earnings and benefits.

30. The United States Court of Appeals for the District of Columbia Circuit has held the prima facie case to prove racial discrimination requires the plaintiff to prove that (1)

[s]he is a member of a protected class; (2) [s]he suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination.'" Chappell-Johnson v. Powell, 440 F.3d 484, 487 (D.C. Cir. 2006)(internal citations omitted).

31. Plaintiff ROBERT O. WHITE, SR., is a member of a protected class (African American); (2) he suffered an adverse employment action (he was suspended for 14 days and demoted); and (3) the unfavorable action gives rise to an inference of discrimination.

32. There is more than an inference of racial discrimination. There is evidence that the Agency engaged in a pattern and practice of imposing much harsher discipline on African American officers for (alleged) violations of GPO policy than those of their Caucasian counterparts.

33. Plaintiff ROBERT O. WHITE, SR., is informed and believes, and based thereon alleges, that his punishment is typical of the discipline imposed on African American officers of the GPO's UPB.

34. Moreover, Plaintiff ROBERT O. WHITE, SR., is informed and believes, and based thereon alleges, that the GPO has taken adverse action against him, detailed herein, substantially motivated by his race.

35. The racial discrimination claims alleged herein arise out of the insistence of Agency management to discipline Plaintiff ROBERT O. WHITE, SR. for an offense that did not exist, the refusal of the Agency to impose equal punishments for similar offenses committed across racial lines, and the willful disregard for honoring the rules of discovery in the MSPB proceedings. These claims exemplify the pattern and practice of responsible management officials to punish African American UPB officers more harshly than their Caucasian counterparts.

## COUNT TWO – Retaliation

36. Plaintiff ROBERT O. WHITE, SR. repeats each and every allegation contained in all preceding paragraphs and incorporates the same herein.

37. Plaintiff is informed and believes, and based thereon alleges, that he has suffered from retaliation for his activity in the Union.

38. This Court has held that in order to prove claims of retaliation, the Plaintiff must show that (1) he engaged in a protected activity; (2) he was subject to an adverse action by his employer; and (3) there is a causal connection between the protected activity and the adverse employment action which plaintiff allegedly suffered. Carmona v. Snow, 2007 U.S. Dist. LEXIS 21080 (D.C. Cir. 2007)(internal citations omitted).

39. Plaintiff ROBERT O. WHITE, SR. engaged in protected activity by having an active role in the Union, and when he complained of being treated disparately and negatively because of his race in the proceedings at the GPO level.

40. The GPO had actual and constructive knowledge of these protected activities.

41. There is a causal nexus between the GPO's harsh punishment of Plaintiff ROBERT O. WHITE, SR. and his protected activities.

## COUNT THREE – Review of The MSPB Decision

42. Plaintiff ROBERT O. WHITE, SR. repeats each and every allegation contained in all preceding paragraphs and incorporates the same herein

43. Plaintiff is informed and believes, and based thereon alleges, that the decision reached by the MSPB is arbitrary or capricious, obtained without compliance with lawful procedures, unsupported by substantial evidence or otherwise not in accordance with law, and must be overturned.

44. The GPO was required to prove the charges against Plaintiff ROBERT O. WHITE, SR., by a preponderance of the evidence. 5 U.S.C. §7701(c); 5 C.F.R. § 1201.56(a)(1). "A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." See Initial Decision at 2, citing 5 C.F.R. § 1201.56(c)(2).[4] The GPO did not meet its burden in this case, and the full Board erred is concluding that it did. For that reason, Plaintiff ROBERT O. WHITE, SR., appeals the MSPB decision, and seeks its reversal.

45. In the proceedings before the MSPB, the ALJ acknowledged there are no Post Orders which describe the conduct of officers in relieving one another. See Initial Decision at 4-5. For that reason alone, the Decisions of the MSPB should be overturned. Plaintiff ROBERT O. WHITE, SR. cannot be punished for "Failure to Follow Post Orders" if such a Post Order does not exist.

46. Testimony was given that Plaintiff ROBERT O. WHITE, SR.'s actions were entirely appropriate. Id. See also Transcript of the Board Hearing at 56.[5] The preponderance of the evidence standard supports Plaintiff ROBERT O. WHITE, SR., not the Agency. For the MSPB to conclude otherwise defies the logical conclusion that "a reasonable person" would make "considering the record as a whole," and the GPO's burden. Thus, there is absolutely no evidence in the record which supports a conclusion that Plaintiff ROBERT O. WHITE, SR. violated a Post Order.

---

[4] The Initial Decision of September 7, 2007, the Full Board Opinion and Order of March 14, 2008, and the Initial Decision of April 25, 2008 are attached as Exhibit 1.

[5] The Transcript of the Board Hearing is attached at Exhibit 2.

11

47. The evidence also indicated that the Post Orders which were actually in effect and on the post were not the Post Orders which formed the basis of the charge against Plaintiff ROBERT O. WHITE, SR. New Post Orders were promulgated, but never properly implemented. The ALJ concluded that Plaintiff ROBERT O. WHITE, SR. had notice of these proposed orders because they had been sent to him by email. However, there is no dispute that the new Post Orders had not been officially implemented and placed at Post 41. In any event, the issue is immaterial as neither set of Post Orders provide guidelines for how to relieve another officer or what it means to be "in control" of a post.

48. For the reasons stated herein and as shown throughout the record, the MSPB's decision, upholding the GPO's decision against Plaintiff ROBERT O. WHITE, SR. is erroneous and must be overturned.[6]

**COUNT FOUR – Intentional and Negligent Infliction of Emotional Distress**

49. Plaintiff ROBERT O. WHITE, SR. repeats each and every allegation contained in all preceding paragraphs and incorporates the same herein.

50. Defendant acted in an extreme and outrageous fashion and negligently in demoting Plaintiff ROBERT O. WHITE, SR. and suspending him for 14 days, with the intent and/or result of causing him emotional distress.

51. As a direct and proximate result of Defendants' intentional and negligent infliction of emotional distress in the foregoing actions, Plaintiff ROBERT O. WHITE, SR. suffered loss of income and other employment benefits and damages to his personal and professional reputation. Further, as a direct and proximate cause of Defendants' conduct, Plaintiff ROBERT O. WHITE, SR. has endured mental and physical pain and

---

[6] Other relevant evidence presented to the MSPB by Plaintiff is attached as Exhibits 5 – 11.

suffering, embarrassment, humiliation, mental anguish, and the costs and attorneys' fees of this action.

### COUNT FIVE – Declaration of Rights

52. Plaintiff ROBERT O. WHITE, SR. repeats each and every allegation contained in all preceding paragraphs and incorporates the same herein.

53. Plaintiff ROBERT O. WHITE, SR. requests the Court to declare that, as a result of Defendants' violation of his constitutional rights by suspending and demoting Plaintiff ROBERT O. WHITE, SR., without just cause, he be reinstated to the position of Lead Police Officer with the GPO UPB, with restoration of all back pay, lost benefits, and the costs and attorneys' fees of this action.

### PRAYER FOR RELIEF

54. As a direct and proximate result of Defendant's actions, Plaintiff has experienced and will continue to experience pain and suffering.

55. Also as a direct and proximate result of Defendant's actions, Plaintiff has been compelled to retain services of counsel and has thereby and will continue to incur, legal fees and costs. Therefore, for each Count alleged in this Complaint, Plaintiff requests costs and attorney's fees be awarded.

WHEREFORE, Plaintiff ROBERT O. WHITE, SR. prays that he be awarded the following relief

1. an order declaring the acts and practices complained of herein violate Title VII of the Civil Rights Act of 1964;

2. an order restraining and permanently enjoining Defendant's illegal acts and practices;

3. an order requiring the Agency to reinstate Plaintiff ROBERT O. WHITE, SR. in a timely manner to the level, grade and pay as he was in prior to the adverse action giving rise to this Complaint;

4. compensatory damages for emotional injury caused by the GPO's discrimination and retaliation;

5. back pay representing the differential in pay which Plaintiff would have received had he not been wrongfully terminated in the position of Lead Police Officer, including basic pay, incentive and bonus pay, overtime pay, shift differentials, benefits, and any interest, in an amount to be proven at trial

6. general and special damages for emotional and physical distress, in an amount to be proved at trial;

7. reasonable costs and attorneys' fees for pursuing this action, and;

8. such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Local Rule 38, Plaintiff ROBERT O. WHITE, SR. hereby demands a trial by jury of all claims stated herein which by law are triable by jury and of all factual allegations required for the determination of his Complaint, pursuant to the Constitution and laws of the United States.

Respectfully submitted,

HANNON LAW GROUP, LLP

*/s/ Michael Hannon*
J. Michael Hannon, Bar No. 352526
1901 18th Street, N.W.
Washington, D.C. 20009
(202) 232-1907
(202) 232-3704, Facsimile
jhannon@hannonlawgroup.com

Attorneys for Plaintiff
ROBERT O. WHITE, SR.

15

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Robert O. White, Sr.

88888

## DEFENDANTS
Robert C. Tapella, Public Printer of the U.S. Government Printing Office

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

J. Michael Hannon, Esq.
Hannon Law Group, LLP
1901 18th Street, NW
Washington, DC 20009

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-01138
Assigned To : Robertson, James
Assign. Date : 6/30/2008
Description: Employ. Discrim.

*JURY ACTION*

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*
☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*
☐ 151 Medicare Act
**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*   OR   ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. §1346 and 5 U.S.C. §§ 7702(a)(1); racial discrimination and review of agency decision

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ Compensatory   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE June 30, 2008   SIGNATURE OF ATTORNEY OF RECORD  /s/ Michael Hannon

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.